UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANTHONY KURI, ) | |
| (a.k.a. Ramsey Qurash) ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 13 C 1653 |
| ) | |
| THE CITY OF CHICAGO, et al., ) | Judge Joan B. Gottschall |
| ) | |
| Defendants. ) | |

**MOTION TO COMPEL**

Defendants Frank Szwedo, John Valkner, John Folino, Jr., Timothy McDermott, Thomas Kolman, Robert Cordaro, Tina Figueroa-Mitchell, Carmen Lopez, and Noé Sanchez (collectively, the "Individual Defendants"), by and through their undersigned attorneys, hereby move this Court for an Order compelling Plaintiff to respond to certain discovery and to execute a HIPAA Waiver for the production of medical and mental health records. In support thereof, Individual Defendants state as follows:

**BACKGROUND**

Plaintiff filed his initial Complaint on March 4, 2013 and filed his First Amended Complaint on March 12, 2013, alleging various claims pursuant to § 1983 and Illinois state law claims arising out of his arrest and prosecution for the murder of Guarav Patel and attempted murder of Tony Fernandez and Zae Russell. Throughout his Amended Complaint, Plaintiff alleges that he suffered emotional distress due to the alleged misconduct of the Individual Defendants.

Based upon his allegations of emotional distress, Individual Defendants issued the following interrogatory to Plaintiff, and received the following response:

8. Are you claiming any psychiatric, psychological and/or emotional injuries as a result of this occurrence? If so, state the name of any psychiatric, psychological and/or emotional injury claimed, and the name and address of each psychiatrist, physician, psychologist, therapist or other health care professional rendering you treatment for each injury.

**RESPONSE:** Yes. Plaintiff will supplement this response with documentation when a protective order is entered in this case covering medical and mental information. Investigation continues.

Despite repeated requests for a full and complete response to Interrogatory no. 8, Plaintiff has failed to supplement his response.

Similarly, the parties have been unable to come to an agreement as to how to obtain Plaintiff's medical and mental health records. On October 23, 2014, counsel for Individual Defendants sent a proposed HIPAA Authorization and an Agreed Qualified HIPAA and MHDDCA Protective Order for Plaintiff to execute or to agree to the entry of the Order. Copies of the October 23, 2014 letter, HIPAA Authorization and proposed Protective Order are attached here as Group Exhibit A. Plaintiff's counsel eventually responded to Individual Defendants' letter on November 4, 2014, via email, stating that she is "generally okay with signing the release and agreeing to the Qualified HIPPA Order, with the exception that my client's medical records are disclosed only to my firm so that I may conduct a privilege review before the records are used within this litigation." Plaintiff's counsel went on to state that she will agree to conduct the review within three days of receipt of the records and that she would provide a privilege log of any withheld documents. That same day, counsel for the Individual Defendants responded stating that Defendants will not agree to a privilege review and that it is Defendants' position that Plaintiff has waived any privilege he may have based upon his claimed damages of emotional distress. A copy of the email exchange of November 4, 2014 between counsel is attached here as Exhibit B.

On November 12, 2014, Plaintiff's counsel responded to Individual Defendants further explaining her position, a copy of which is attached here as Exhibit C. In summary, Plaintiff objected to the proposed HIPAA Authorization because it permits the disclosure of mental health records directly to Defendants without allowing time for a privilege review of the documents. According to Plaintiff's counsel, "Plaintiff cannot agree to a blanket waiver of his federal psychotherapist-patient privilege, *see Jaffe v. Redmond*, 518 U.S. 1, 10-15 (1996), or any other common-law or statutory privilege protecting his mental-health records." Counsel for the Individual Defendants responded on November 14, 2014, a copy of which is attached here as Exhibit D. Individual Defendants questioned whether Plaintiff was seeking damages merely for "garden variety" emotional distress[1]. If so, Individual Defendants indicated they would be agreeable to Plaintiff's proposed privilege review. However, if Plaintiff is claiming damages other than "garden variety," Plaintiff has waived his psychotherapist-patient privilege and Defendants should be able to subpoena Plaintiff's mental health records directly.

Plaintiff's counsel eventually responded to Defendants on December 10, 2014, a copy of which is attached here as Exhibit E. In it, counsel admitted that Plaintiff will not limit his emotional damages to mere "garden variety," but refused to agree to a "blanket waiver." Again, Plaintiff's counsel reiterated her proposed approach for obtaining medical documents and disclosing only what her office deems relevant and non-privileged. Counsel failed to support her position with any case law and failed to address any of the case law cited by Individual Defendants which supports the conclusion that Plaintiff has waived any privilege he had by claiming non-garden variety emotional distress. Individual Defendants responded on December 15, 2014, reiterating their position which is in keeping with recent decisions by Magistrate Judge Rowland

---

[1] Plaintiff had never fully responded to Interrogatory no. 8 and identified the emotional injuries he is claiming.

in *Rivera v. Guevara*, 12 C 4428, Docket 136, and Magistrate Judge Valdez's ruling in *Kluppelberg v. Burge*, 13 C 3963, Dkt. 136. *See* copy of December 15, 2014 correspondence attached here as Exhibit F. Notwithstanding, Plaintiff's counsel refused to reconsider her position and continues to propose that her office obtain medical records directly. *See* copy of December 16, 2014 correspondence attached here as Exhibit G. This has lead the parties to their current impasse.

## ARGUMENT

By admitting that he is alleging damages other than "garden variety" emotional distress, Plaintiff has effectively waived any privilege he had in his mental health records. Therefore, he is not entitled to view his mental health records first and then disclose to Defendants whatever he deems is non-privileged.

### I. Plaintiff has Waived Any Psychotherapist-Patient Privilege Through His Claims for Emotional Distress.

It is not disputed that *Jaffe v. Redmond* recognized that the psychotherapist-patient relationship is privileged, thus shielding from disclosure any confidential communication between a psychotherapist or social worker and a patient in the course of diagnosis or treatment. *See Jaffe*, 518 U.S. at 15. However, as noted in *Jaffe*, the privilege may be waived by the patient. *Id.* at fn. 14.

Indeed, courts have deemed that the privilege is waived where a party affirmatively places his or her psychological state at issue in the case. *See Flowers v. Owens*, 274 F.R.D. 218, 223 (N.D. Ill. 2011) (Cole, Mag. J.) *citing Doe v. Oberweiss Dairy*, 456 F.3d 704, 718 (7th Cir. 2006); *Shoftsall v. Henderson*, 223 F.3d 818, 823 (8th Cir. 2000). While there is no bright-line rule to determine when such a waiver occurs, courts in this district have focused on the scope of the plaintiff's claim for emotional damages for guidance. For instance, in *Santelli v. Electro-Motive*,

4

188 F.R.D. 306, 309 (N.D. Ill. 1999), Judge Kennelly found that plaintiff had not waived the privilege where her claim was limited to compensation for humiliation, embarrassment, and other similar emotions. These types of negative emotions, identified as "garden variety" emotional damages, exclude any resulting symptoms or conditions that plaintiff might have suffered, including sleeplessness, nervousness, and depression. *See Flowers*, 274 F.R.D. at 220, *and see EEOC v. DHL Exp.,* No. 10 C 6139, 2011 WL 6825497, at *6 (N.D. Ill. Dec. 27, 2011) (St. Eve, J.) (Noting "the overwhelming weight of authority in this District holds that an individual's medical records are not discoverable unless that individual has placed her psychological state in issue by claiming more than mere "garden variety" psychological injuries."); *Caine v. Burge*, No. 11 C 8996, 2012 WL 6720597, at *2 (N.D. Ill. Dec. 27, 2012) (Kendall, J.) ("[A] party waives the privilege by claiming damages in situations where that party plans to introduce evidence of psychological treatment in support of their damages claim at trial.")

In *Kluppelberg v. Burge*, Magistrate Judge Valdez was faced with the very same issues raised here. Indeed, plaintiff Kluppelberg is represented by the same office that represents plaintiff Kuri. Plaintiff Kluppelberg moved for the entry of a HIPAA order which required that subpoenas for medical and mental health records be returnable to plaintiff's counsel's office, and said counsel will have 48 hours from receipt of records in order to determine whether any records are privileged. *See* Dkt. 122, Plaintiff's Motion for HIPPAA (sic) and MHDDCA Order, pgs. 1-2. It was undisputed that plaintiff Kluppelberg was seeking damages beyond the scope of "garden variety" emotional distress, therefore defendants argued that plaintiff had waived any psychotherapist-patient privilege. Magistrate Judge Valdez agreed, stating "Plaintiff misunderstands that, by putting his psychological history at issue, he has *already* waived any such privileges related to his psychological records." 13 C 3963, Dkt. 136, Order entered April 10, 2014, pg. 2 (emphasis in

original). Likewise in the instant case, Plaintiff has placed his psychological history at issue by claiming emotional damages which surpass "garden variety" damages for feelings of embarrassment, humiliation, and similar emotions. Judge Valdez's ruling also disposes of Plaintiff's relevance argument by noting that "if a subpoena seeks irrelevant material, Plaintiff may seek to quash them on that basis or at the appropriate time move to have the material deemed inadmissible at trial." *Id.* at pg. 3.

Similarly, in *Rivera v. Guevara*, plaintiff, again represented by the same office that represents Kuri, sought unsuccessfully to preclude defendants from obtaining mental health records directly. In a hearing before Magistrate Judge Rowland on December 2, 2014, counsel for defendant City made an oral motion to require plaintiff to sign a HIPAA waiver allowing defendants to obtain mental health records which had only recently come to light. Oral argument ensued, with plaintiff's counsel requesting that the subpoena for mental health records be returnable to his office in order to review the records for any privilege and with defense counsel arguing that plaintiff had waived any such privilege based upon the same reasons raised in *Kluppelberg*. Ultimately, Magistrate Judge Rowland ordered plaintiff to sign a HIPAA waiver so that defendants can subpoena plaintiff's treating psychologist/counselor directly. *See* 12 C 4428, Dkt. 136, Minute Entry dated December 2, 2014. Accordingly, there is no basis for permitting Plaintiff here to subpoena mental health records and review them for privilege. Plaintiff cannot be "allowed to inject his psychological treatment, conditions or symptoms into a case and expect to be able to prevent discovery of information relevant to those issues." *Santelli*, 188 F.R.D. at 309. Thus, Plaintiff should be ordered to sign a HIPAA waiver and allow Individual Defendants to conduct discovery into his medical and mental health records.

## II. Plaintiff Should be Ordered to Fully Respond to Interrogatory no. 8.

Plaintiff has not objected to Interrogatory no. 8, but has failed to sufficiently respond because a protective order is not in place and because Plaintiff's mental health records have not been obtained. However, Defendants' Interrogatory only seeks disclosure of the type and extent of emotional injuries claimed and seeks the names and addresses of Plaintiff's treaters. If Plaintiff had any privacy concerns relating to the disclosure of this information, counsel could have designated such information as "attorney's eyes only" prior to the entry of a protective order. Such a concern is not a valid basis for refusing to comply with discovery. In addition, the nature and extent of the emotional injuries allegedly suffered by Plaintiff is known to him, and is not conditioned on medical records. Indeed, counsel's response that she will identify Plaintiff's treaters after she has reviewed the subpoenaed documents is circular – if she can subpoena the documents she must know the identities of the treaters and that information should be disclosed in response to the Interrogatory. In order to conduct full discovery into all of Plaintiff's claims, it is essential that Plaintiff fully respond to this Interrogatory.

## Local Rule 37.2 Certification

As evidenced by the attached correspondence, counsel made several good faith attempts to resolve the differences between the parties on these issues. Despite numerous attempts, the parties were unable to reach an accord.

## CONCLUSION

Individual Defendants respectfully request this Court to order Plaintiff to sign a HIPAA authorization in order for Defendants to subpoena documents relating to Plaintiff's medical and mental health records. Plaintiff's assertions that medical and mental health records should be returnable only to his counsel for review for purposes of privilege are inaccurate and inconsistent

with the cases in this District. By claiming emotional damages which exceed the scope of "garden variety" emotional distress, Plaintiff has placed his mental health at issue and has waived any privilege he possessed with respect to these records. Accordingly, Plaintiff should be ordered to sign a HIPAA authorization. In addition, Plaintiff should be ordered to fully respond to Interrogatory no. 8 of Detective Szwedo's First Set of Interrogatories.

WHEREFORE, for the foregoing reasons, Individual Defendants respectfully request this Court order Plaintiff to sign a HIPAA waiver or authorization and respond to Interrogatory no. 8, and for such further relief as this Court deems just and equitable.

Dated: December 17, 2014      Respectfully submitted,

FRANK SZWEDO, JOHN VALKNER, JOHN FOLINO, JR., TIMOTHY MCDERMOTT, THOMAS KOLMAN, ROBERT CORDARO, TINA FIGUEROA-MITCHELL, CARMEN LOPEZ, and NOÉ SANCHEZ,

By: s/ Eileen E. Rosen
One of their Attorneys

Eileen E. Rosen
Stacy A. Benjamin
Silvia Mercado Masters
Catherine M. Barber
Rock Fusco & Connelly, LLC
321 North Clark Street, Suite 2200
Chicago, Illinois 60654
(312) 494-1000
erosen@rockfuscoconnelly.com