IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| ANTHONY KURI, (a.k.a. Ramsey Qurash) | ) ) ) | |
| Plaintiff, | ) ) | Case No. 13 C 1653 |
| v. | ) ) | Honorable Edmond E. Chang |
| THE CITY OF CHICAGO, et al., | ) ) ) | |
| Defendants. | ) | |

**PLAINTIFF'S RULE 50 MOTION FOR JUDGMENT AS A MATTER OF LAW**

NOW COMES the Plaintiff, ANTHONY KURI, by and through his attorneys, and respectfully submits this motion pursuant to Federal Rule of Civil Procedure 50. The grounds for Plaintiff's Motion are as follows:

I. **Standard of Law**

Rule 50 authorizes a court to enter judgment as a matter of law against a party if "a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue." FCRP 50(a)(1). Under this standard, the question is simply whether the evidence as a whole, when combined with all reasonable inferences permissibly drawn from the evidence, would permit a jury to find for the non-moving party. *Hall v. Forest River, Inc*., 536 F. 3d 615, 619 (7th Cir. 2008). The standard for granting judgment as a matter of law "mirrors" that for the granting of summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc*., 530 U.S. 133, 150 (2000). Thus, under Rule 50(a), "the trial judge must direct a verdict if, under the governing law, there can be but one reasonable conclusion as to the verdict." *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 250 (1986).

## II. Due Process

No reasonable jury, after hearing the evidence presented in the case, could find for Defendants on Plaintiff's Due Process claim. The crux of Plaintiff's claim, as emphasized throughout his case, is that if Defendants obtained Plaintiff's name in the course of their investigation and provided that name to the witnesses, Plaintiff wins. The evidence on this score tips in Plaintiff's favor and justifies a Rule 50 motion.

The evidence presented to the jury that supports Plaintiff's position that Wachaa provided Defendants with Plaintiff's name prior to their interaction with Russell is as follows: First, no account of any information obtained from Wachaa is recorded by Defendants Folino or McDermott (or any Chicago Police Detective) in any police report and neither Defendant could testify with any credible accuracy as to when their conversation with Wachaa occurred. Yet, there is no doubt that any conversation that was had between the Detectives and Wachaa was material and should have been disclosed. Wachaa reported that he was on the phone with Zay Russell, an eyewitness to the shooting, as the shooting occurred. Defendants testified that they later determined his account to be a rumor or "word on the street." Defendants further testified that they had multiple conversations with Wachaa during the course of their investigation and that Wachaa was key to getting Russell to cooperate with his statements to the State's Attorney and the Grand Jury. Wachaa's purported account to police officers was disclosed; any statements that later recanted his original story should have likewise been disclosed to the State for use by the criminal defendant.

Second, no reasonable jury could conclude that the "word on the street" rumor that brought Plaintiff's name to the forefront of the investigation came from anywhere other than Wachaa and that it was brought up to the Defendants on August 1—before Defendants ever re-

interviewed Russell. The only explanation presented to the jury as to why Defendants would have been in possession of Plaintiff's photograph prior to re-interviewing Russell on August 2, 2009 is because there was a "typo" in Defendant Folino's Case Supplementary Report. No reasonable jury could believe that the only typo that occurred in the entire homicide file was pertaining to the date that the Defendants solved the murder. Simply put, there was no credible evidence that the August 2 date reflected in Defendant Folino's Supplementary Report was a typo and concealing the true source of Plaintiff's name was a violation of Plaintiff's Due Process rights.

Third, it is undisputed that any consideration that Wachaa received for helping Defendants Folino and McDermott was not disclosed to the State for use by the criminal defendant.

Last, the Defendants can point to no Chicago Police Report that either supports their position that there was a typo in the date that they re-interviewed Russell or that contradicts Plaintiff's arguments on this date. There has been plenty of testimony that Defendants did not record Fernandez or Russell's accounts of the murder when they were interviewed and re-interviewed by these Defendants. Either the Detectives affirmatively made the decision not to record the witness statements- which is concealment of exculpatory or impeachment evidence- or the Detectives created the reports and in the time period of while the reports sat open they edited the reports to remove the exculpatory or impeachment evidence. The Defendants have nothing to rebut this claim because both Defendants admit that they *should* have taken notes of pertinent witness interviews during the homicide investigation. The absence of such notes to record crucial statements, as well as the other evidence offered above, tips the scale in Plaintiff's favor for granting a Rule 50 motion on Plaintiff's Due Process claim.

### III. Fourth Amendment: Unlawful Detention

No reasonable jury could likewise find for Defendants on Plaintiff's claim of unlawful detention.

Here, both Defendants admitted before the jury that Plaintiff was not under arrest during his detention on August 5, 2009 and there was no probable cause to arrest him or charge him for murder on that date; he was simply a witness to the shooting. Crucially, the Defendants also admit that *no additional evidence* was investigated between the time that the police detained Plaintiff on August 5 until Plaintiff's arrest on September 8, 2009. Further, there are no notes or police reports to counter Plaintiff's argument and establish even circumstantially that any additional evidence was investigated and counted towards the probable cause analysis. Defendants relied on Russell and Fernandez' identification of Plaintiff to bring him in as a witness in August and they continued to rely on Russell and Fernandez' identification of Plaintiff to arrest Plaintiff and charge him with murder in September. Defendants could articulate no evidence that changed between the August and September detention; by Defendants own reason then, no probable cause existed to charge Plaintiff with first degree murder on September 9.

No reasonable juror would believe Defendants' assertion that probable cause existed to charge Plaintiff in September because Plaintiff failed to tell the truth during his interrogation. First, Defendant Folino admitted that he defined the truth during the interrogation. Under Folino's definition, Plaintiff was caught in a Catch-22: either he told the truth (that he was not involved in the murder) and under Folino's definition he was lying and therefore probable cause existed; or, he told Folino's version of the truth (that he was involved in the murder) and therefore probable cause existed. Despite professing his innocence for 48 hours, Defendants refused to believe anything other than their version of events. No reasonable jury could rely on

4

such an untenable position to find for Defendants on this claim.

In short, no reasonable person could believe that Plaintiff had committed the crime he was charged with in September of 2009; even the Defendants didn't believe it because they didn't charge Plaintiff just a month prior on the same exact same evidence. Plaintiff's Rule 50 motion should be granted on this claim.

**IV.     Conspiracy to Violate Federal Constitutional Rights and Failure to Intervene**

There is no dispute that Defendants Folino and McDermott worked the Patel homicide together; McDermott confirmed that fact during his testimony and stated that unless it was off-hours and one was home, they were partnered together and working on solving the Patel homicide. If the jury is to find for Plaintiff in that Defendants violated his constitutional rights during the course of the investigation, it reasonably follows that jury will find for Plaintiff on his claims of Conspiracy and Failure to Intervene against both Defendants.

WHEREFORE, for all of the reasons stated above, Plaintiff respectfully asks that this Court grant his Motion for such other relief as this Court may deem just.

Respectfully Submitted,

/s/ Julie M. Goodwin
*One of Plaintiff's Attorneys*

Jon Loevy
Julie Goodwin
Danielle Hamilton
Joel Feldman
LOEVY & LOEVY
311 N. Aberdeen, 3rd Floor
Chicago, IL 60607
(312) 243-5900
julie@loevy.com

## **CERTIFICATE OF SERVICE**

      I, Julie Goodwin, an attorney, hereby certify that I served the foregoing Plaintiff's Rule 50 Motion for Judgment as a Matter of Law on all counsel of record via the Court's CM / ECF filing system on October 1, 2018.

                                                      /s/ Julie M. Goodwin